IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STEVE CUNNINGHAM § § § | |
| VS. § § § | CIVIL ACTION NO. |
| PORTFOLIO RECOVERY § ASSOCIATES, LLC | JURY TRIAL DEMANDED |

COMPLAINT

JURISDICTION

1.   The jurisdiction of this Court attains pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA")  Venue lies in the Eastern  District of Texas as Plaintiff's claims arose from acts of the Defendant  perpetrated therein.

PARTIES

2.   Plaintiff, Steve Cunningham  is a natural person who resides in Kaufman, Texas and is a "consumer" as defined by  15 U.S. C. §1692a(3).  Plaintiff is a resident and citizen of the State of Texas. Plaintiff's employer is located in Lindale, Texas.

3.   Portfolio Recovery Associates, LLC is limited liability corporation organized under the laws of the state of Delaware, not registered to conduct business in Texas. Defendant's home address is 120 Corporate Blvd, Norfolk, VA 23502.

4.   Because Defendant engages in business in Texas and has done so at all material times but does not maintain a place of regular business in Texas or a designated agent on whom process can be served, service on Defendant should be made by serving the Secretary of the State of Texas, Capitol Station, Austin, Texas 78701. Plaintiff's cause of action arose from or is connected with one or more transactions with Defendant that occurred or were consummated in Texas, as more particularly described in this pleading.

## FACTUAL BACKGROUND

5.     Whenever in this complaint it is alleged that a Defendant did or were told any act or thing, it is meant that Defendant's officers, agents, servants, employees, or representatives may have done or been told such act or thing and that, at the time such act or thing was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of the Defendant's officers, agents, servants, employees, or representatives. Further, suit against the Defendant is intended to include any partnership, unincorporated association, private corporation or entity doing business under an assumed name for the purpose of enforcing against it any substantive right of the Plaintiff.

6.     Defendant has attempted to collect from Plaintiff an alleged credit card obligation, that is a consumer debt as defined in 15 U.S.C.§1692a and Tex. Fin. Code Ann. §392.001. Defendant regularly attempts to collect such debts and each is a "debt collector" as defined in Tex. Fin. Cod. Ann. §392.001(6). Defendant is a " debt collector" as defined in 15 U.S.C.§1692a and a "third party debt collector" as defined in Tex. Fin. Code Ann. §392.001(7). Defendant regularly collects debts in the state of Texas, including filing suits to collect such debts.

7.     On or about July 11, 2012, a representative for Defendant called Plaintiff at his place of employment in Lindale, Texas in an attempt to collect a consumer debt. Plaintiff informed the representative that he was not permitted to receive collection calls at work and requested she refrain from calling him at work.

8.     On or about July 19, 2012, Plaintiff received a call from a representative of Defendant. The representative stated he was trying to deliver some legal papers and wanted to know if he would need authorization and what the company policy was for receiving legal documents. The representative had also called Plaintiff's place of employment and spoken with the human resources director. Plaintiff informed the representative that he could not receive collection calls and to stop calling him at work.

9. On or about August 14, 2012, a representative for Defendant called Plaintiff's place of employment, claiming to be "Officer Michaels" from the Grapevine Processor Division. Although asked for his telephone number, he refused to disclose it to Plaintiff. The representative claimed to be trying to serve papers on Plaintiff.  Plaintiff subsequently verified with the Grapevine Police Department and Tarrant County Constables unit that they did not employ an "Officer Michaels."

10. Defendant purposefully employed the foregoing misrepresentations here with the intent, purpose and effect to deceive consumers such as the Plaintiff into believing they could and should not exercise their right to be free from collection calls at their place of employment, keep their private financial circumstances private and away from their employers and to be free from threats of actions by law enforcement officers in collecting debts.

## CAUSES OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

11. The Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. In violation of 15 U.S. C.§1692c(a)(3), the Defendant placed calls regarding the debt and disclosed the existence thereof to persons other than a consumer, his attorney, or a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.

   b. In violation of 15 U.S.C.§1692e, 15 U.S.C.§1692e(2)(a), 15 U.S.C. 1692e(10), and the "least sophisticated consumer standard," the Defendants used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt, which include creating a false sense of urgency.

   c. In violation of 15 U.S.C.§1692e(4) the Defendants made the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of the Plaintiff(s).

   d. In violation of 15 U.S.C.§1692e(5) and the "least sophisticated consumer standard," the Defendant threatened to take an action (and took such an action) which cannot legally be taken or that is not intended to be taken.

    e.    In violation of 15 U.S.C.§1692e(14) the Defendant used a business, company or organization name other than the true name of the debt collector's business, company or organizations.

    f.    In violation of 15 U.S.C.§1692f, the Defendant used unfair or unconscionable means to collect or attempt to collect a consumer debt.

    g.    In violation of 15 U.S.C.§16923(1), the Defendant represented himself to be a constable

    h.    In violation of 15 U.S.C.§1692e(10) by using a false representation or deceptive means to collect a debt or obtain information about a consumer.

## TEXAS DEBT COLLECTION PRACTICES ACT

12.    Defendant has attempted to collect a debt by threats or coercion by stating that Defendant was being sued, by attempting to speak to Plaintiff's employer about alleged debt owed by Plaintiff. Defendant has threatened to take an action prohibited by law, in violation of Tex. Fin. Code Ann. §392.301(a)(8).

13.    Defendant has attempted to collect a debt through oppressive, harassment, or abuse by using language intended to abuse unreasonably the hearer or reader, in violation of Tex. Fin. Code Ann. §392.302(1).

14.    Defendant has attempted to collect a debt through fraudulent, deceptive or misleading representations by using a name other than the true business or professional name, as well as the true personal or legal name of the debt collector while engaged in debt collection, in violation of Tex. Fin. Code Ann. §392.304(a)(1).

15.    Defendant has attempted to collect a debt through fraudulent, deceptive, or misleading representations by using false representations and deceptive means to collect a consumer debt, in violation of Tex. Fin. Code Ann. §392.304(a)(19).

16.    Defendant has attempted to collect a debt without first obtaining and filing with the Secretary of State, the surety bond described in Tex. Fin. Code Ann. §392.101.

17.     The aforesaid unfair debt collection practices have been a producing and proximate cause of Plaintiff's damages. Pursuant to Tex. Fin.Code Ann. §392.403, Plaintiff is entitled to recover the actual damages caused by such practices, attorney's fees reasonably related to the amount of work expended in this case, and costs. As Defendant's acts were willful, wanton, and malicious, and committed with conscious indifference and reckless disregard for Plaintiff's rights, Plaintiff is entitled to recovery exemplary damages an amount to be set by the trier of fact.

### DECEPTIVE TRADE PRACTICES

18.     Pursuant to Tex. Fin. Code Ann. §392.404, Defendant's violations of the Texas Debt Collection Practices Act are also actionable under the DTPA. Therefore, pursuant to Tex. Bus. & Commerce Code §1750(b)(3), Plaintiff is entitled to injunctive relief to restrain Defendant from further TDCA violations. Pre-suit notice of Plaintiff's claims is not required for an equitable claim under Section 17.50(b)(2) or (3).

### PERMANENT INJUNCTIVE RELIEF

19.     Acting as a private attorney general pursuant to Tex. Bus. & Comm. Code Ann. §17.50(b)(2) and Tex. Fin. Code Ann. §393.403(a)(1), Plaintiff is entitled to a permanent injunction, including, but not limited to, prohibiting Defendant from ever again threatening a Texas resident with a lawsuit when no lawsuit is contemplated, calling an employer when it has been informed that the consumer is not permitted to receive such calls at work, using names other than the true names of the debt collector engaged in debt collection. Plaintiff is entitled to an injunction prohibiting Defendant from ever collecting a consumer debt in Texas without first satisfying the bond requirements of the Texas Finance Code.

### NEGLIGENCE

20.     Pleading in the alternative, the Plaintiff alleges that the collection attempts were made by unsupervised employees of Defendant over who the Defendant had a duty of supervision.

21.     Defendant is subject to certain ethical duties, among which were the duty not to use

the threat of suit and of informing Plaintiff's employer of alleged debt while attempting to collect a consumer debt. Defendant breached said duties, proximately causing Plaintiff damages as described above. Defendant's conduct was not only negligent, but negligent *per se*. Furthermore, Defendant acted in a manner that was reckless, willful, and malicious, and Plaintiff is entitled to recover exemplary damages in an amount to be set by the trier of fact.

## UNREASONABLE DEBT COLLECTION PRACTICES

22. In the alternative, and without waiving the foregoing, Plaintiff asserts that Defendant's conduct as described above constituted a campaign of unreasonable debt collection practices that proximately caused Plaintiff actual damages in an amount within the jurisdiction of the Court. Defendant's conduct was reckless, willful, and malicious, and Plaintiff is entitled to recover exemplary damages in an amount to be set by the trier of fact.

## EXEMPLARY DAMAGES

23. Plaintiff further allege that because the Defendant knew that their actions were not justified, these actions were malicious and constitute conduct for which the law allows the imposition of exemplary damages.

## ATTORNEY'S FEES

24   In the event that Plaintiff prevails on any of the above-stated legal theories, they are entitled to recover reasonable and necessary attorney's fees through trial and subsequent appeals.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, exemplary damages, costs, and reasonable attorney fees as provided by 15 U.S.C.§1681n & o, 15 U.S.C.§1692k(a) and/or Tex. Fin.Code Ann. §392.403.

2. Grant such further relief as deemed just.

      3.      Pre and post-judgment interest as allowed by law:

**TRIAL BY JURY IS DEMANDED.**

      Respectfully submitted,

/s/ Sharon K. Campbell
Sharon K. Campbell
State Bar # 03717600
3100 Monticello Ave., Suite 500
Dallas, Texas 75205
Telephone: 214/351-3260
Fax: 214/378-6670
Sharon@SharonKCampbell.com